James P. Krauzlis
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DUPONT NUTRITION BIOSCIENCES APS,

      Plaintiff,

  - against -

HAPAG-LLOYD AKTIENGESELLSCHAFT and
MIKE & JOY TRANSPORTATION INC d/b/a
M&J TRANSPORTATION COMPANY,

      Defendants.
-------------------------------------------------------------X

ECF CASE

18 Civ.

**COMPLAINT**

      Plaintiff, DUPONT NUTRITION BIOSCIENCES APS, by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, allege upon information and belief as follows:

### JURISDICTION

      1.    This action includes a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1333 and 1337 as this action arises from the intermodal carriage of cargo moving from the United States to a foreign county and said carriage included road carriage governed by federal statutes, including the Carmack Amendment to the Interstate Commerce Act of 1887 ("Carmack Amendment"), Act of June 29, 1906, ch. 3591, 34 Stat. 584 (1906) (current version as to road carriage at 49 U.S.C. § 14706), as well as substantial intended ocean carriage.

      2.    At all material times, DUPONT NUTRITION BIOSCIENCES APS (hereinafter "DUPONT" or "Plaintiff") was and is a corporation with an office and place of business located

at Edwin Rahrs Vej 38, 8220 Braband, Denmark, and was and is the owner of the shipment consisting of subrogated underwriter of the consignment of consisting of 812 packages on 36 pallets of 8 different types of DUPONT branded ingredients and food additives for different applications in the food industry, as more fully described below.

    3.    At all material times, HAPAG-LLOYD AKTIENGESELLSCHAFT (hereinafter "HAPAG" or "Defendants") was and is a corporation with an office and place of business located c/o HAPAG-LLOYD (AMERICA) LLC, 399 Hoes Lane, Piscataway, NJ 08854, and, at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a vessel owning common carrier of goods for hire.

    4.    At all material times, defendant, MIKE & JOY TRANSPORTATION INC d/b/a M&J TRANSPORTATION COMPANY, (hereinafter "Defendants" or "MJ") was and is a corporation with an office and place of business located at 3536 Nicholson Avenue, Kansas City, MO 64120 and, at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a motor common carrier of goods over the road in interstate carriage for hire.

    5.    Upon information said Defendants conduct business as common carriers, and the provision of services related thereto, with respect to shipments to, from and within the State of New York and the United States as a whole.

    6.    Plaintiff brings this action on its own behalf and as agents and/or trustees on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

## RELEVANT FACTS

7. On or about April 20, 2017, DUPONT, as the cargo shipper and/or its agents contracted with HAPAG to transport a consignment of 812 packages on 36 pallets of 8 different types of DUPONT branded ingredients and food additives for different applications in the food industry from Aarhus, Denmark, to New Century, KS, via New York, New York.

8. On or about April 20, 2017, a consignment consisting of 812 packages on 36 pallets of 8 different types of DUPONT branded ingredients and food additives for different applications in the food industry, then being in good order and condition, were loaded into an a 40 foot high cube refrigerated ocean shipping container that had been provided by HAPAG, numbered HLBU905112-7 and on April 20, 2017, the said ocean shipping container containing the 812 packages on 36 pallets of 8 different types of DUPONT branded ingredients and food additives for different applications in the food industry, then being in good order and condition, were delivered into the custody and control of HAPAG and/or its agents in Aarhus, Denmark, for transportation to New Century, KS, via New York, New York.

9. The transportation of the aforementioned consignment was arranged and contracted in consideration of an agreed upon freight and pursuant to a Service Agreement between DUPONT and HAPAG numbered S3NSE078 and pursuant to a HAPAG Sea Waybill numbered HLCUANR170416619 dated April 26, 2017, both of which relate to the 812 packages on 36 pallets of 8 different types of DUPONT branded ingredients and food additives for different applications in the food industry loaded into container HLBU905112-7.

10. The aforementioned Service Agreement between DUPONT and HAPAG numbered S3NSE078 provided, in pertinent part, that the laws of New York and the courts of New York would be the only courts of competent jurisdiction and the parties further mutually

agreed to irrevocably submit themselves to the personal jurisdiction of the New York courts process upon them.

11. Thereafter, on or about April 26, 2017, the aforementioned container was loaded aboard the M/V HANNA voyage 1716W in Aarhus, Denmark, and, on or about April 27, 2017, the aforementioned container was discharged at Bremerhaven, Germany.

12. Thereafter, on or about May 5, 2017, the aforementioned container was loaded aboard the M/V JAKARTA EXPRESS on voyage 005W and departed for her intended destination.

13. On or about May 14, 2017, the M/V JAKARTA EXPRESS arrived in New York, New York, and the subject ocean shipping container containing 812 packages on 36 pallets of 8 different types of DUPONT branded ingredients and food additives for different applications in the food industry was thereafter on-carried by MJ as a motor common carrier hired and contracted by HAPAG to on-carry the subject shipment to the intended destination of New Century, KS, where it was to be delivered to the consignee Danisco USA Inc.

14. During the course of interstate motor carriage being performed by MJ between New York and New Century, KS the aforementioned container HLBU905112-7 was compromised and the original security seal removed, and the refrigeration unit of the reefer container had not been running for an unknown period of time, resulting in damage to the cargo inside said container.

15. The damage to the cargo as aforesaid was not the result of any act or omission of Plaintiff but, to the contrary, was due solely as the result of the negligence, unseaworthiness, fault, neglect, breach of contract of carriage and breach of bailment on the part of the Defendants and/or their agents.

16. As a result of the foregoing, Plaintiff DUPONT suffered a loss in the amount of $171,684.68, no part of which has been paid, despite due demand.

17. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $171,684.68.

## AS AND FOR A FIRST CAUSE OF ACTION - BREACH OF CONTRACT

18. The Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 17, inclusive, as if herein set forth at length.

19. Pursuant to the contract entered into between the parties, the Defendants owed a contractual and statutory duty to the Plaintiff, to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

20. The Defendants breached its contractual and statutory duties by failing to properly care for, bail and protect the Plaintiff's cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

21. As a direct and proximate result of said breach of contract by Defendants, the Plaintiff has suffered damages in the amount presently estimated to be no less than $171,684.68.

22. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $171,684.68.

## AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF BAILMENT

23. The Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 22, inclusive, as if herein set forth at length.

24. Pursuant to their obligations as bailees for hire of the Plaintiff's cargo, the Defendants owed contractual and statutory duties to Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

25. The Defendants breached their duties as bailees for hire by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

26. As a direct and proximate result of the breach of bailment by the Defendants, the Plaintiff has suffered damages in the approximate amount of $171,684.68.

27. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $171,684.68.

## AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

28. The Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 27, inclusive, as if herein set forth at length.

29. The Defendants owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

30. The Defendants breached and were negligent in exercising their duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

31. As a direct and proximate result of the negligence by the Defendants, the Plaintiff has suffered damages in the approximate amount of $171,684.68.

32.  By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $171,684.68.

**WHEREFORE,** Plaintiff prays:

1.  That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.  That judgment may be entered in favor of Plaintiff against Defendants, jointly and severally, for the amount of Plaintiff's damages in the amount of at least $171,684.68, together with interest, costs and the disbursements of this action; and

3.  That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       May 23, 2018
       377-30

CASEY & BARNETT, LLC
Attorneys for Plaintiffs

By: _____
James P. Krauzlis
305 Broadway, Ste 1202
New York, New York 10010
(212) 286-0225